UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 03-cv-209

ASHLAND, INC., PLAN ADMINISTRATOR
of the ASHLAND, INC. and AFFILIATES
PENSION PLAN,                                                                    PLAINTIFF,

V.                      **MEMORANDUM OPINION AND ORDER**

LOUISE MOORE
LARRY KEITH ADKINS, II, Individually and
as Executor of the estate of Larry Keith Adkins, and
JEFFREY W. ADKINS                                                          DEFENDANTS.

This matter is before the court upon the Adkins Defendants' Motion for Arrearages [Docket No. 20]. Plaintiff filed a response to the motion [Docket No. 21]. The matter is now ripe for decision.

This case began on November 13, 2003 with Plaintiff's Complaint for Interpleader, Declaratory Judgment, and Equitable Relief [Docket No. 1]. In its Interpleader Complaint, Plaintiff asked this Court to determine the proper beneficiary for purposes of monthly payments under a decedent's pension plan.

The Court entered final judgment in this case on August 5, 2004 [Docket No. 17]. In its final judgment, the Court found the Adkins Defendants to be the proper beneficiaries with regard to plan benefits and ordered that they be paid accordingly.

The Adkins Defendants now ask the Court to enter an order requiring Plaintiff to pay money allegedly due and owing under the Court's final judgment of August 5, 2004. In essence, the Adkins Defendants argue that by the end of November 2004, Mr. Adkins had been deceased for 19 months, and as the proper beneficiaries under the pension plan, they were entitled to 19 months' benefits. They now maintain they have only received payment for 12 months' benefits.

Three months' benefits had already been paid to the wrong beneficiary at the time the Interpleader Action was filed. The Adkins Defendants argue that Plaintiff is liable for those benefits since it paid them to the wrong beneficiary. They additionally ask for another four months' benefits that remain unpaid. Defendants ask the court to order the payment of these additional seven months benefits yet unpaid[1].

In its response, Plaintiff questions the jurisdiction of the court for this motion. Specifically, Plaintiff questions the basis for entertaining this motion more than a year after final judgment was entered. Plaintiff also maintains that the issue of duplicate payments was never raised prior to final judgment in this case.

Based on the record, it is unclear that the relief requested was contemplated

---

[1] Plaintiff, "upon further examination of its records," admits that it does in fact owe Defendants Adkins for payments due for the months of December, 2003, through April, 2004 and states that payment is forthcoming. Plaintiff denies, however, liability for the three months' payments made to Defendant Moore before commencement of the Interpleader action.

by the Court's judgment. The issue of duplicating the first three months' payments was not actually litigated in this action. Neither the original Memorandum Opinion [Docket No. 17] nor the pleadings prior to the 2004 judgment [Docket Nos. 1, 7, 8, 9, 10, 11, 15, 16] explicitly address the disputed three months' payments. In fact, nothing in the record indicates this issue was ever raised prior to the entry of final judgment. This potentially raises the specter of claim preclusion in this type of post judgment proceeding.

Moreover, Federal Rule of Civil Procedure 60 clearly sets an absolute one year limit on post judgment relief. Although the Adkins Defendants fail to cite any authority, the Court will construe this Motion for Arrearages as a motion under Federal Rule of Civil Procedure 60(b). This is a motion for post-judgment relief, and Rule 60 clearly governs. Rule 60(b) requires that this type of motion be brought not more than one year after the date of entry of final judgment. The Adkins Defendants filed this motion on August 31, 2005. Final Judgment in this case was entered on August 5, 2004. As such, the motion is untimely, and the Court is without power to grant the requested relief as part of the current action.

Finally, the Court will construe Plaintiff's Response also as a Motion for Attorney's Fees. Plaintiff cites 29 USC § 1132(g)(1) [ERISA § 502(g)(1)] in

support of its request for attorney's fees and costs. Despite the failure of Defendants' motion, the Court is not persuaded that an award of fees and costs is appropriate. As such, that motion is OVERRULED.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED:**

(1) that Defendants' Motion for Arrearages is **OVERRULED;** and

(2) Plaintiff's Motion for Attorney Fees is **OVERRULED;** and

(3) Fees and Costs will be borne by each party.

This October 11, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge